**STATE of Iowa, Appellee,**

v.

**Margo Rae WALKER, Appellant.**

**No. 59137.**

Supreme Court of Iowa.

Nov. 17, 1976.

Joseph Z. Marks and Joseph L. Marks, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Mark S. Beckman, Asst. Atty. Gen., Ray A. Fenton, County Atty., and Richard G. Blane, II, Asst. County Atty., Des Moines, for appellee.

Heard by MOORE, C. J., and RAWLINGS, REES, REYNOLDSON and HARRIS, JJ.

REES, Justice.

Defendant was charged by county attorney's information with the crime of soliciting in violation of section 724.2, The Code, 1975. Following the entry of her plea of not guilty of the crime·charged, defendant was tried to a jury, convicted and sentenced, and now appeals. We reverse.

On August 2, 1975 James Hemminger, a deputy sheriff, accompanied by Eugene Battani, a detective sergeant employed by the Polk County sheriff's office, and Fred Utter, a part-time Polk County deputy sheriff, went to the Airport Highview Motel in Polk County at approximately 11 o'clock, p.m. They rented a room at the motel and Deputy Utter then fastened a listening device commonly called a "bug" under a table, which device was designed to pick up conversations in the room and transmit them to a radio in Utter's car.

Deputy Hemminger then called a massage parlor requesting that a female be dispatched to room 8 at the motel for the purpose of a nude encounter or massage. Battani and Utter then went to Utter's car · where they tuned the radio to pick up the transmissions from the listening device which had been affixed to the table in room 8.

At approximately 11:30 p.m. defendant arrived at room 8 and was admitted by Hemminger. A conversation then ensued which was overheard by Battani and Utter in Utter's automobile and the conversation was taped. After the conversation ended, Battani and Utter entered room 8 and placed defendant under arrest for the crime of soliciting.

Defendant states three issues upon which she relies for reversal:

A. It was error for the trial court to fail to direct a verdict of acquittal when there was no competent evidence that defendant willfully and unlawfully asked, requested or solicited another for carnal knowledge for a consideration and that the undisputed and uncontradicted evidence showed that Deputy Hemminger asked, requested or solicited defendant for carnal knowledge.

B. It was error for the court not to sustain defendant's demurrer and direct the jury to return a verdict of acquittal for the reason that section 724.2, The Code, 1975, is unconstitutionally overbroad in that it attempts to achieve a governmental purpose

to control or prevent activities constitutionally subject to state regulation by means which sweep unnecessarily broadly and thereby invade the areas of protected freedoms in violation of the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the Constitution of the United States and Article I, Sections 1, 2, 8, 9 and 25 of the Iowa State Constitution.

C. It was error for the court not to sustain defendant's demurrer and direct the jury to return a verdict of acquittal for the reason that section 724.2, The Code, 1975, violates the defendant's constitutional right to privacy protected by the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and Article I, Sections 1, 2, 8, 9 and 25 of the Iowa State Constitution.

I. We have studied the record in this case with due consideration to determine whether on the facts established by the State the defendant did in fact solicit Deputy Hemminger to engage in sexual intercourse with her. We have also listened to the tape of the conversation between defendant and Hemminger, which was introduced as an exhibit.

We have concluded that a fair reading of the record and any interpretation which could be put upon the statements of the defendant as disclosed by the tape falls far short of establishing any solicitation of Hemminger by defendant to engage with defendant in actual sexual intercourse.

A fair reading of the record and an unbiased auditing of the tape can lead us to no conclusion other than if there was solicitation to engage in commercial sexual intercourse it proceeded from Deputy Hemminger to defendant rather than from defendant to Hemminger.

We deem it unnecessary to repeat in detail the testimony of Hemminger. At best, the testimony of Hemminger would serve to indicate that what the defendant did was accept his importunities to engage with him in sexual intercourse and that he was the one who requested or solicited the activity.

Based upon the foregoing conclusions, we have no alternative but to reverse this case on factual grounds. Therefore we see no necessity for a remand and retrial.

II. In view of our disposition of the case on a factual basis, we deem it unnecessary to consider the second and third issues stated by the defendant for review.

This case is therefore reversed.

REVERSED.